[Cite as *State v. Johnson*, 2012-Ohio-5450.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |     |                          |
| ------------------------ | --- | ------------------------ |
|                          | :   | JUDGES:                  |
| STATE OF OHIO            | :   | Patricia A. Delaney, P.J. |
|                          | :   | John W. Wise, J.         |
| Plaintiff-Appellee       | :   | Julie A. Edwards, J.     |
|                          | :   |                          |
| -vs-                     | :   | Case No. 2012 CA 0055    |
|                          | :   |                          |
|                          | :   |                          |
| CHRISTINA JOHNSON        | :   | O P I N I O N            |
|                          |     |                          |
| Defendant-Appellant      |     |                          |



CHARACTER OF PROCEEDING:         Criminal Appeal from Massillon
                                 Municipal Court, Stark County,  Case
                                 No. 2011 CRB 2221

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          November 13, 2012

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ROBERT A. ZEDELL                       JACOB T. WILL
Massillon Law Department               116 Cleveland Ave., N.W.
Two James Duncan Plaza                 Suite 808
Massillon, Ohio  44646                 Canton, Ohio  44702

*Edwards, J.*

{¶1} Appellant, Christina Johnson, appeals a judgment of the Massillon Municipal Court convicting her of one count of theft (R.C. 2913.02) and sentencing her to 180 days in jail. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND CASE

{¶2} During the afternoon of September 15, 2012, Andrew Davis and Michael Poland had left their apartment building in Massillon, Ohio, to get groceries. Michael stopped at his place of employment to pick up his pay, which was $220 in cash. When they returned, they began carrying the groceries upstairs to Michael's apartment. Michael laid his money, cigarettes, food stamp card and receipts on a step near the mailboxes in the building.

{¶3} While they were unloading the groceries, appellant came to the building, where she was also a resident. Michael looked down the stairs and saw appellant take his money. Andrew, who was unloading groceries outside, saw appellant stoop down and pick something up from the stairs.

{¶4} Appellant left the building and got in the passenger seat of a car. Michael chased the vehicle, yelling for the car to stop. The driver of the vehicle did not stop the car. Michael called the police.

{¶5} Appellant was charged with one count of theft. The case proceeded to jury trial in the Massillon Municipal Court. She was convicted as charged and sentenced to 180 days incarceration, fined $500.00 and ordered to pay restitution in the amount of $220.00.

{¶6} She assigns a single error on appeal:

{¶7} "THE DEFENDANT'S CONVICTION FOR ONE COUNT OF THEFT IN VIOLATION OF R.C. 2913.02 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶8} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶9} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶10} "Theft is defined by R.C. 2913.02:

{¶11} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

{¶12} "(1) Without the consent of the owner or person authorized to give consent[.]"

{¶13} Davis testified that he saw appellant stoop down and pick something up on the stairs, and earlier he saw Poland place his money on the stairs. Poland testified that from the top of the stairs, he looked down and saw appellant take his money and leave the building. This is sufficient evidence, if believed by the jury, to support a finding of guilt.

{¶14} Appellant argues that Davis was 15-20 feet away from the stairs and at "an impossible angle" to have seen the offense. She further argues that he watched her walk past him without trying to stop her after the theft and that he has a prior record, impugning his credibility. She also argues that Poland could not have seen the stairway from his apartment where he was putting away groceries, and that his testimony differed from his police statement regarding the race of the driver of the vehicle in which appellant left the apartment building.

{¶15} Both witnesses testified that they were in a position to observe appellant take the money from the stairs. Counsel cross-examined both witnesses concerning their location and ability to see the stairs, and both testified that they were in a position where the stairway was visible. Counsel cross-examined Poland regarding the inconsistency in his statement regarding the race of the driver of the vehicle. Further, the jury was aware of Davis's prior record. We cannot find that the jury lost its way in finding appellant guilty of theft.

**{¶16}** The assignment of error is overruled.

**{¶17}** The judgment of the Massillon Municipal Court is affirmed.

By: Edwards, J.

Delaney, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0911

[Cite as *State v. Johnson*, 2012-Ohio-5450.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTINA JOHNSON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 0055 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court, Stark County, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES